[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9054
The plaintiff is currently receiving a pension which resulted from his position as a New Haven police officer. The defendant seeks an execution against the pension to enforce a standing child support order. The issue before the court is whether the plaintiff's Police Department pension may be subject to an execution under Conn. General Statutes 52-362.
Relevant case law prior to the 1991 modification of the exemption statute interpreted the old statute to permit the execution sought today. Prior to P.A. 91-239, wage executions arising out of support obligations were governed by 52-362. Citing the importance of support payments to the family and the legislature's intent to protect the family, the court in Sienkiewicz v. Sienkiewicz, 178 Conn. 675 (1979), permitted execution of pension benefits under 52-362.
The plaintiff's pension is now clearly exempted from execution by 52-352b(m). Section 52-362(b)(2) specifically states "[b]efore the court or family support magistrate issues an order for withholding which is effective immediately against an obligor who is before the court or a family support magistrate, it shall inform the obligor . . . of his right to claim any applicable state or federal exceptions."
Section 52-352b(m) exempts "[a]ny assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 2 of public act 91-239". The relevant language of 2 of P.A. 91-239(a) reads, "any pension plan, annuity or insurance contract or similar arrangement not described in subdivision (1) of this subsection, established by federal or state statute for federal, state or municipal employees for the primary purpose of providing benefits upon retirement by reason of age, health or length of service".
The plaintiff's pension was created under Conn. General Statutes 7-297 to provide retirement benefits for police officers by reason of age, health or length of service. Therefore the plaintiff's pension satisfies the requirements of 2 of P.A. 91-239(a) and is within the exemption of 52b-252(m).
Sidney Axelrod, Judge CT Page 9055